**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **HACHEM ABOU RASS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MARCO RUBIO,** *et al.*,<br><br>**Defendants.** | **Case No. 26–cv–01142–ESK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on plaintiff's complaint for a *writ of mandamus* (ECF No. 1 (Compl.)); and defendants having requested that the Court either enter an order to show cause or grant leave to file a motion to dismiss for lack of subject matter jurisdiction (Request) (ECF No. 5 (Defs.' Req.)); and plaintiff having filed an opposition to the Request (Opposition) (ECF No. 6 (Pl.s' Opp'n)), and the Court finding,

1.    On February 4, 2026, plaintiff commenced this action to compel defendants to adjudicate the I-130 petition (Petition) he filed on behalf of his spouse. (Compl ¶¶ 16–21.)  Plaintiff argues that the Petition, which the United States Citizenship & Immigration Service (USCIS) acknowledged receipt of on November 10, 2023, has been pending "far outside of normal processing time or a reasonable time period." (*Id.*)  Plaintiff seeks relief under the Administrative Procedures Act (APA), Declaratory Judgement Act, and Mandamus Act.   (*Id.* ¶ 21.)

2.    On April 13, 2026, defendants filed the Request, arguing that this Court does not have jurisdiction to compel the adjudication of the Petition. (Defs.' Req. p. 2 (citing *U.S. ex rel. Vasco v. Chertoff*, 369 F. App'x 395, 400 (3d Cir. 2010); *Qiu v. Chertoff*, 486 F. Supp. 2d 412, 416-20 (D.N.J. 2007)).) Plaintiff filed the Opposition on April 15, 2026, arguing  that defendants "fail[] to taking into consideration the totality of the circumstances."   (Pl.'s Opp'n p. 1.)   Without citing to any authority in support of his position, plaintiff notes that this action is "atypical."   (*Id.* pp. 1, 2.)

3.    Courts have an obligation to assure itself of jurisdiction at all stages of a litigation.   *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (noting that "federal courts have an ever-present obligation to

satisfy themselves of their subject-matter jurisdiction and to decide the issue *sua sponte*").   Thus, a court has the authority to *sua sponte* dismiss a case over which it lacks subject-matter jurisdiction at any time.   Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

4.   Here, plaintiff fails to provide a basis for the Court to exercise jurisdiction.   Since a plaintiff seeking to compel agency action based on alleged immigration delay must satisfy substantially the same standard as the APA and the Mandamus Act, such claims are analyzed together.   *Mocanu v. Mueller*, No. 07–0445, 2007 WL 2916192, at *4 (E.D.Pa. Oct. 3, 2007).   The APA permits a court to compel agency action only where the agency is legally required to act within a specified timeframe.   *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 65 (2004).   Jurisdiction under the APA exists only when such a clear, nondiscretionary temporal mandate is imposed by law.   *Kale v. Mayorkas*, No. 21–08095, 2021 WL 2652124, at *4 (D.N.J. June 28, 2021).   The Third Circuit Court of Appeals has established that the "USCIS's adjudication of an adjustment of status application is 'committed to agency discretion,' and is therefore not subject to" judicial compulsion or review.   *Chertoff*, 369 F. App'x at 400 (quoting 5 U.S.C. §701(a)).   Furthermore, "writs of mandamus are only available to compel "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion."   *Id.* (quoting *Harmon Cove Condominium Ass'n, Inc. v. Marsh,* 815 F.2d 949, 951 (3d Cir.1987)).   Since plaintiff has failed to show that the Petition is bound by a statutory or regulatory time within which it must be adjudicated, this Court does not have jurisdiction over this action.   *See, e.g.*, *Khanna v. Mayorkas*, No. 21-8712, 2021 WL 2621566, at *6–7 (D.N.J. June 25, 2021).

Accordingly,

**IT IS** on this   **20th** day of **April 2026**   **ORDERED** that:

1.   This action is **DISMISSED** for lack of subject matter jurisdiction**.**

2.   The Clerk of the Court is directed to **close** this action.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

2